UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALONSO LIZARRAGA-RIOS, | ) | 1:04-06524-AWI-LJO (HC) |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| R. D. ANDREWS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On November 10, 2004, Petitioner filed the instant petition for writ of habeas corpus.

On January 28, 2005, Respondent filed a motion to dismiss the petition for lack of jurisdiction and for lack of merit.

On March 16, 2005, this Court issued a Findings and Recommendation that recommended Respondent's motion to dismiss be granted and the petition be dismissed with prejudice.

On April 12, 2005, Petitioner filed objections to the Findings and Recommendation. He

stated that he never received Respondent's motion to dismiss and thus was denied an opportunity to respond.

On April 21, 2005, the Court stayed the Findings and Recommendation and granted Petitioner an opportunity to file his opposition to Respondent's motion to dismiss.

On May 12, 2005, Petitioner filed his opposition.

On May 24, 2005, Respondent notified the Court of intervening law which addresses the scope of judicial review of removal orders.

## DISCUSSION

On May 11, 2005, the President signed into law the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005." Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the courts of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Section 106(c) provides:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note).

In this case, Petitioner challenges the Immigration Judge's order of deportation, and the case was pending at the time the Act went into effect. Therefore, the statute requires that this Court transfer the matter to the Ninth Circuit Court of Appeals.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be TRANSFERRED to the Ninth Circuit Court of Appeals.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

1  Within thirty (30) days after being served with a copy, any party may file written objections with the
2  court and serve a copy on all parties.  Such a document should be captioned "Objections to
3  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
4  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
5  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The
6  parties are advised that failure to file objections within the specified time may waive the right to
7  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  IT IS SO ORDERED.
9  **Dated:     May 27, 2005**                    **/s/ Lawrence J. O'Neill**
   b9ed48                                          UNITED STATES MAGISTRATE JUDGE